

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00360-CR

**CHEYENNE PATE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. 8660-A-1

## MEMORANDUM OPINION

A jury convicted Cheyenne Pate of burglary of a habitation on December 12, 1996. The trial court assessed punishment at 32 years confinement. On April 1, 1998, this Court affirmed Pate's conviction in Cause No. 10-07-00015-CR. On August 20, 2009, Pate filed a pro se "Post Conviction For DNA Testing and Appointment of Counsel." The trial court entered an order denying Pate's request. We affirm.

Pate argues in two issues on appeal that the trial court erred in denying his request for DNA testing and in denying his request for counsel in regard to DNA

testing. Pate was convicted of burglarizing a trailer house. A stereo and compact discs (CDs) were missing from the house, and these items were later recovered. Pate argues that no DNA testing was conducted on these items and also that no DNA testing was conducted at the trailer house. Pate requests the items be tested for skin, sweat, hair, and fingerprints. In its response to Pate's motion, the State contends that the only items still available are a CD carrying case and some CDs.

Article 64.03 (a) of the Code of Criminal Procedure states that a convicting court may order forensic DNA testing only if:

> (1) the court finds that:
> (A) the evidence:
> (i) still exists and is in a condition making DNA testing possible; and
> (ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and
> (B) identity was or is an issue in the case; and
> (2) the convicted person establishes by a preponderance of the evidence that:
> (A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and
> (B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

TEX. CODE CRIM. PRO. ANN. art. 64.03(a) (Vernon Supp. 2010).

The record before us does not show, and the trial court did not find, that the evidence has been subjected to a sufficient chain of custody and not altered in any material respect. The record shows that the CDs and stereo were sold after the burglary and could contain DNA evidence or fingerprints of persons other than the burglar. The items in question were trial exhibits, and therefore, handled by numerous persons

during the trial.  The absence of Pate's DNA material or fingerprints on any of the items in question would not establish his innocence.  The trial court did not err in denying Pate's request for DNA testing.  We overrule Pate's first issue on appeal.

A convicted person is entitled to counsel during a proceeding under Chapter 64 of the Code of Criminal Procedure for DNA testing if the court finds reasonable grounds for a motion to be filed.  *See* TEX. CODE CRIM. PRO. ANN. art. 64.01(c) (Vernon Supp. 2010).

After reviewing Pate's motion and the State's response, the trial court found no reasonable grounds for the motion to be filed.  We have reviewed the record before us, and we find that the trial court did not err in denying Pate's request for counsel in regard to his motion for DNA testing.  We overrule Pate's second issue on appeal.

We affirm the trial court's order denying Pate's "Post Conviction For DNA Testing and Appointment of Counsel."


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed February 23, 2011
Do not publish
[CRPM]